1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID ANTHONY FALLON,

11            Plaintiff,                    No. CIV S-06-1227 FCD GGH PS

12       vs.

13   UNITED STATES GOVERNMENT,

14            Defendant.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is proceeding in this action pro se and in forma pauperis.  This

17   proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C.

18   § 636(b)(1).  By order of July 14, 2006, plaintiff was informed of the deficiencies of his

19   complaint, and was directed to file an amended complaint within fifteen days or face dismissal of

20   his action.  Plaintiff has not filed an amended complaint.

21   BACKGROUND

22            This action is one of 85 actions filed by this plaintiff in the Sacramento Division

23   of the Eastern District of California, and one of 70 cases filed in this court in the years 2005 and

24   2006 alone.  In fact, as of September 25, 2006, plaintiff had filed 50 actions in the current year.

25   The instant action is fairly representative of most of the actions filed by plaintiff in that it names

26   the "United States Government" as the only defendant, and is for the most part illegible and/or

                                              1

1   nonsensical.  This complaint appears to question the legality of the defendant, and whether a

2   Marin County facility is operating "within the legal confines of the State of ... Welfare and

3   Institutions Code, sections 4030 - 4033."  The one page complaint stops in mid-sentence.

4   Plaintiff has attached to the complaint what appears to be the cited portions of the Welfare and

5   Institutions Code, which concern staffing of the State Department of Mental Health.  The other

6   complaints filed by Fallon in this court are similarly unintelligible.  Another method employed by

7   Fallon is to fail to amend his complaint when ordered to do so.  He also fails to respond to orders

8   to show cause, findings and recommendations recommending dismissal of his actions, and any

9   other orders which require a response from him.  Because plaintiff's cases rarely, if ever, proceed

10  beyond the screening stage, the defendant(s) are not required to spend time and money in

11  litigation defense.  Nevertheless, an inordinate amount of time and energy by court personnel is

12  spent in administering these cases to conclusion.  Plaintiff's conduct requires the undersigned to

13  take action sua sponte.

14  THE INSTANT ACTION

15          On July 14, 2006, this court informed plaintiff of the deficiencies of his

16  complaint, and gave him leave to amend.  Because plaintiff failed to file an amended complaint,

17  his action must be dismissed.  The complaint on file must be dismissed due to pleading

18  deficiencies.

19          Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.

20  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

21  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for

22  the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice

23  of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

24          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.

3          A complaint, or portion thereof, should only be dismissed for failure to state a

4   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

5   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

6   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

7   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8   complaint under this standard, the court must accept as true the allegations of the complaint in

9   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12         As this court stated in its previous order, the complaint does not meet these

13  requirements.  The allegations are so vague and conclusory that the court is unable to determine

14  whether the current action is frivolous or fails to state a claim for relief.  The court has

15  determined that the complaint does not contain a short and plain statement as required by Fed. R.

16  Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

17  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

18  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

19  degree of particularity overt acts in which defendant engaged that support plaintiff's claim.  Id.

20  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), and failed

21  to amend as ordered, the complaint must be dismissed without further leave to amend.

22         As discussed below, because of the history of plaintiff's frivolous litigations,

23  which contain the same frivolous pleading as is repeated in the complaint herein, the court will

24  recommend that no further filing be accepted from plaintiff without a pre-filing order after

25  review of the complaint accompanied by plaintiff's mandatory declaration.

26  \\\\\

A VEXATIOUS LITIGANT ORDER IS APPROPRIATE

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits).

District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.  See Delong, 912 F.2d at 1147.  Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case.  See e.g., O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); De Long, 912 F.2d at 1146- 47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the district court); Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court).

The Ninth Circuit has said that pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate or District Judge prior to filing a complaint, can be appropriate in certain occasions but "should rarely be filed."  DeLong, 912 F.2d at 1147.  The DeLong court articulated that the following four conditions must be met before the court enter such an order:  (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing all the cases that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  Id. at 1147-48.

\\\\\

First of all, plaintiff is put on notice by these findings and recommendations that a vexatious litigant order is being recommended against him.  Plaintiff has an opportunity to object to the entry of the order by filing objections to these findings and recommendations.

The cases filed in this court in the years 2005 and 2006 qualify plaintiff for status as a vexatious litigant.[1]  They are numbers CIV.S. 05-0509 MCE DAD; CIV.S. 05-0567 LKK PAN; CIV.S. 05-0812 DFL KJM; CIV.S. 05-0966 FCD GGH; CIV.S. 05-0967 GEB PAN; CIV.S. 05-0968; CIV.S. 05-0979 WBS PAN; CIV.S. 05-1326 GEB PAN; CIV.S. 05-1431 LKK DAD; CIV.S. 05-1823 RRB GGH; CIV.S. 05-2121 GEB KJM; CIV.S. 05-2132 MCE DAD; CIV.S. 05-2139 DFL EFB; CIV.S.05-2154 GEB JFM; CIV.S. 05-2228 MCE DAD; CIV.S. 05-2289 MCE PAN; CIV.S. 05-2355 FCD PAN; CIV.S. 05-2434 LKK GGH; CIV.S. 05-2443 LKK JFM; CIV.S. 05-2451 FCD KJM; CIV.S. 06-0332 FCD KJM; CIV.S. 06-0416 MCE DAD; CIV.S. 06-0544 FCD PAN; CIV.S. 06-0942 LKK GGH; CIV.S. 06-1016 DFL EFB; CIV.S. 06-1030 LKK DAD; CIV.S. 06-1067 FCD PAN; CIV.S. 06-1112 LKK KJM; CIV.S. 06-1156 LKK GGH; CIV.S. 06-1220 FCD EFB; CIV.S. 06-1222 GEB KJM; CIV.S. 06-1225 LKK KJM; CIV.S. 06-1226 DFL KJM; CIV.S. 06-1227 FCD GGH; CIV.S. 06-1229 LKK EFB; CIV.S. 06-1292 GEB DAD; CIV.S. 06-1293 LKK KJM; CIV.S. 06-1402 GEB DAD; CIV.S. 06-1438 DFL EFB; CIV.S. 06-1489 GEB GGH; CIV.S. 06-1490 LKK EFB; CIV.S. 06-1492 MCE DAD; CIV.S. 06-1493 MCE EFB; CIV.S. 06-1494 DFL DAD; CIV.S. 06-1512 MCE GGH; CIV.S. 06-1582 LKK EFB; CIV.S. 06-1601 GEB DAD; CIV.S. 06-1660 MCE EFB; CIV.S. 06-1663 DFL GGH; CIV.S. 06-1664 LKK DAD; CIV.S. 06-1679 MCE EFB; CIV.S. 06-1680 GEB DAD; CIV.S. 06-1694 LKK GGH; CIV.S.06-1708 DFL GGH CIV.S. 06-1710 GEB EFB; CIV.S. 06-1729 LKK KJM; CIV.S. 06-1746 MCE GGH; CIV.S. 06-1753 GEB DAD; CIV.S. 06-1789 MCE DAD; CIV.S. 06-1864 GEB KJM; CIV.S. 06-1879 GEB DAD; CIV.S. 06-1880 FCD DAD; CIV.S. 06-1891 MCE KJM; CIV.S. 06-1900 LKK GGH; CIV.S. 06-1926 WBS DAD;

[1]  From 1996 through 2004, plaintiff filed 15 additional actions.

5

1     CIV.S. 06-1958; CIV.S. 06-1962; CIV.S. 06-1975; CIV.S. 06-1976; CIV.S. 06-1995.

2          Since most of the cases are similar in their content and disposition, only a

3     sampling of his 85 actions are summarized here.

4          On April 25, 2005, plaintiff filed case number CIV.S. 05-0812 DFL KJM against

5     the United States Government.  The complaint states in full:

6          Within this legal action, is the question, of the liability of the
         defendant.  Within this legality question, is the question, of the
7          legality of the practice of silver filling the teeth, of pre purberty
         residents.  This plaintiff contends, that practice, as a practice,
8          intended, to increase, a civil liability claim.  For that reason, the
         plaintiff requests the court to award a judgement in the amount of
9          forty-five trollon dollars. [Sic].

10     This complaint is typical of the language used by plaintiff.

11          In case number CIV.S. 05-0967 GEB PAN, the court summarized plaintiff's

12     frivolous complaint, filed May 16, 2005: "The accompanying complaint seeks 'two trillion

13     dollars' from the U.S. Government for 'the placement of metal parts in food, not a fast food

14     store, which caused major damage.'" The court found that plaintiff's in forma pauperis

15     application contained insufficient information upon which to rule, and that the complaint failed

16     to state a claim.  Findings and Recommendations, filed June 6, 2005.  At that time, the court

17     recommended that plaintiff be warned of sanctions for continuing to file frivolous complaints,

18     noting that he had filed 22 cases since 1996.  The court added that this complaint was one of

19     three cases assigned to this judge within a two month period, and none of the complaints could

20     state a cognizable claim.  These findings and recommendations were adopted in full.

21          On February 28, 2006, plaintiff filed a complaint against the U.S. Government in

22     case number CIV.S. 06-0416 MCE DAD, claiming that there was an advertisement in High

23     Times Magazine in 1984, which advertised "Imination Pharmicutal Cocaine."  The Complaint

24     states that it seeks nothing, but asks the court to file this document, which is 24 pages long.  It

25     also discusses underground storage areas to hold human bodies.  After the court issued an order

26     to show cause why the action should not be dismissed for lack of subject matter jurisdiction,

1 plaintiff did not respond, leaving the court to dismiss the action.  The lack of response by

2 plaintiff to the court's orders requiring amendment or explanation is fairly typical.  Almost all of

3 plaintiff's actions are closed within a few months of their filing.  To the best of the court's

4 knowledge, all cases were dismissed either on the basis of failure to submit an adequate

5 application to proceed in forma pauperis, lack of subject matter jurisdiction or for failure to state

6 a claim.

7 As seen from a description of the claims in the present case, plaintiff has followed

8 his now familiar pattern.  Clearly, plaintiff qualifies as a vexatious litigant under several of the

9 alternative grounds for finding vexatiousness.  Plaintiff has brought 85 cases since 1996, and has

10 had 44 or more cases adversely decided; remaining open cases are in the process of being

11 decided adversely to plaintiff; he repeatedly files frivolous claims which make no sense; he does

12 not attempt to amend his complaints when given the opportunity.  There seems to be no purpose

13 in plaintiff's filings, and he obtains no relief, while causing immeasurable strain on the court

14 system.

15 Accordingly, the court finds that an order requiring pre-filing review by the court

16 for purposes of determining subject matter jurisdiction or whether the action is frivolous or fails

17 to state a claim, is appropriate.

18 CONCLUSION

19 In accordance with the above, IT IS HEREBY RECOMMENDED that:

20 1.  Plaintiff be declared a vexatious litigant.

21 2.  The following pre-filing review order be entered:   (1) Plaintiff shall not

22 initiate any further pro se action in this court unless the pleadings initiating the action are

23 accompanied by a declaration under penalty of perjury that explains why plaintiff believes he has

24 meritorious claims.  The declaration shall also state that the claims are not frivolous or made in

25 bad faith, and that plaintiff has conducted a reasonable investigation of the facts and the

26 investigation supports his claim(s). (2) The Clerk shall not file or lodge any action submitted pro

1   se by plaintiff unless it is accompanied by the required declaration; any such incomplete filings

2   shall be returned to plaintiff without further action of the court.  (3) If plaintiff files a pro se

3   action accompanied by the required declaration, the Clerk shall open the matter as a

4   miscellaneous case to be considered by the General Duty Judge of this court.  The judge will

5   issue necessary orders after making a determination whether the case should be filed under the

6   appropriate standards and pertinent law.

7               3.  This action be dismissed with prejudice.

8               These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

10  (10) days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten (10) days after service of the objections.  The parties are

14  advised that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: 9/29/06

                                            /s/ Gregory G. Hollows
17                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
18

19  GGH:076
    Fallon1227.fr
20

21

22

23

24

25

26